1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                      SOUTHERN DISTRICT OF CALIFORNIA
10
11   PRINCIPAL LIFE INSURANCE COMPANY,  )   Case No. 10cv510-BTM (BLM)
                                        )
12                          Plaintiff,  )   **ORDER DENYING PLAINTIFF'S *EX***
                                        )   ***PARTE* APPLICATION TO**
13   v.                                 )   **CONTINUE MANDATORY**
                                        )   **SETTLEMENT CONFERENCE**
14   KASRA SADR, AS TRUSTEE FOR THE     )
     ALTON LARSEN FAMILY INSURANCE      )   [ECF No. 69]
15   TRUST, GABRIEL GIORDANO, AND DOES  )
     1-10,                              )
16                                      )
                            Defendants. )
17   ─────────────────────────────────  )

18          On October 10, 2011, Plaintiff filed an *ex parte* application to continue the Mandatory

19   Settlement Conference ("MSC") currently set for October 18, 2011.  ECF No. 69.  In support,

20   Plaintiff states that a later MSC date may "lead to a better chance to resolve this matter."

21   ECF No. 69-1 at 2.  Plaintiff also states that there are two motions for summary judg-

22   ment/adjudication pending and that resolution of the motions may significantly narrow the

23   issues in this litigation.  Id.  Finally, Plaintiff argues that "conducting the MSC at a date

24   closer to the pretrial conference may lead to more successful settlement discussions."  Id.

25          Defendant Kasra Sadr, as Trustee of the Alton Larsen Family Insurance Trust,

26   opposes Plaintiff's application stating that "delaying the mandatory settlement conference

27   only ensures that the parties are forced to generate more legal fees and costs."  ECF No.

28   70.  In addition, Defendant argues that: (1) there is no guarantee that the District Court will

1   have decided the pending motions for summary judgment/adjudication before November

2   14, 2011, the new date Plaintiff proposes for the MSC; (2) a continuance is contrary to the

3   parties' intent behind the previous agreement to continue the MSC; and (3) Plaintiff could

4   have filed its motion weeks ago as opposed to one week before the scheduled MSC.  Id.

5   Finally, Defendant Kasra Sadr notes that Defendant Gabriel Giordano also opposes any

6   further postponement of the MSC.  Id. at 3.  For the following reasons, Plaintiff's request

7   to continue the MSC is **DENIED**.

8        First, Plaintiff's application to continue the MSC is untimely.  Plaintiff has had more

9   than a month to request a continuance of the MSC which was set on September 6, 2011.

10  ECF No. 56.  Additionally, Plaintiff has had almost three weeks to request a new MSC date

11  since this Court denied Plaintiff's request to have its corporate representative appear at the

12  MSC telephonically on September 23, 2011, and directed Plaintiff to coordinate a new date

13  and time for the MSC if October 18, 2011 was unworkable.  ECF No. 66.  Instead, Plaintiff

14  has waited until the week before the scheduled MSC to seek out a continuance without any

15  explanation for its delay. ECF No. 69.  Second, the Court finds that the current status of the

16  case is more conducive to settlement than that of the proposed date.  It is not certain that

17  continuing the MSC to November will mean that the pending motions for summary

18  judgment/adjudication will be resolved or that they will be resolved in such a way that the

19  issues in this litigation will be narrowed and assist in settling the matter.  Accordingly, the

20  MSC will remain as set.

21        **IT IS SO ORDERED**.

22

23  DATED:  October 12, 2011

24

25                                        BARBARA L. MAJOR
                                          United States Magistrate Judge
26

27

28